NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-97

COMMONWEALTH

vs.

T.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from orders of a District Court judge denying her petition to seal her criminal record and her motion for reconsideration.  We affirm.

Background.  In June 2023, T.C. was charged in the District Court with assault on a family or household member.  About a month later, a judge dismissed the complaint on the Commonwealth's motion, based on the alleged victim's request and his stated intention to invoke his Fifth Amendment privilege not to testify if called as a witness at trial.  In December 2023, the defendant filed a petition to seal the record of the dismissed case.  See G. L. c. 276, § 100C.  A judge denied the petition without a hearing, finding that the defendant had failed to make a prima facie case in favor of sealing and that the defendant could file a new petition to seal in a year.  The

defendant filed a motion to reconsider the denial of her petition to seal the record, which the same judge denied without a hearing, stating that the defendant "did not address meaningful efforts towards rehabilitation."

Discussion.  General Laws c. 276, § 100C, mandates the sealing of the record of "any criminal case wherein the defendant has been found not guilty by the court or jury, or a no bill has been returned by the grand jury, or a finding of no probable cause has been made by the court," G. L. c. 276, § 100C, first para., and grants to judges the discretion to seal the records "[i]n any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, and it appears to the court that substantial justice would best be served."  G. L. c. 276, § 100C, second para.  See Commonwealth v. Pon, 469 Mass. 296, 321 (2014).

A defendant petitioning to seal a record pursuant to G. L. c. 276, § 100C, second para., must "set[] forth facts that demonstrate good cause" for the request.  Pon, 469 Mass. at 322. In assessing "good cause" for the purposes of § 100C, second para., judges must balance the government's interest in the public's "right to know" with the defendant's interest in privacy.  See id. at 314-315.

> "At a minimum, judges should evaluate the particular
> disadvantages identified by the defendant arising from the
> availability of the criminal record; evidence of

2

rehabilitation suggesting that the defendant could overcome these disadvantages if the record were sealed; any other evidence that sealing would alleviate the identified disadvantages; relevant circumstances of the defendant at the time of the offense that suggest a likelihood of recidivism or of success; the passage of time since the offense and since the dismissal or nolle prosequi; and the nature of and reasons for the particular disposition."

Id. at 316. Notably, "a judge may determine on the pleadings whether a prima facie showing [of good cause] has been made." Id. at 322. Where a petitioning defendant fails to make this preliminary showing, she is not entitled to a hearing on the merits of the petition. See id. at 321-322.

Here, the defendant stated that she was denied housing and job training opportunities because of her criminal record. However, in addition to the dismissal in this case, she had numerous prior convictions of various criminal offenses which, presumably, were the causes of the denials of housing and employment opportunities. The defendant did not identify any meaningful efforts toward rehabilitation, explain how sealing the dismissed charge would alleviate any housing or employment disadvantage she might suffer (especially in light of her two out-of-State convictions), or address her potential for recidivism versus future success. Less than five months had passed between the dismissal and the defendant filing her petition, and the judge noted that she could file a new petition in a year. Finally, the subject case was dismissed based on the

3

alleged victim's lack of cooperation with the prosecution as opposed to an assertion that the defendant was wrongfully accused.  See Commonwealth v. Doe, 420 Mass. 142, 151 (1995) (defendant's case for confidentiality weaker where dismissal premised on essential witness's refusal to cooperate).

On this record, we discern no abuse of discretion in the judge's conclusion that the defendant's petition failed to make the required prima facie case for sealing the record of the criminal charge.  See Pon, 469 Mass. at 316.

Order denying petition to
  seal record affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Shin, Ditkoff &
  Brennan, JJ.[1]),

Clerk

Entered:  October 11, 2024.

---

[1] The panelists are listed in order of seniority.

4